[Lawrence v. Bell, *et al.*; Bell *et al.* v. Lawrence, Cross Appeal.]

# Lawrence *v.* Bell, *et al.*

# Bell *et al. v.* Lawrence, Cross Appeal.

*Action of Damages for Breach of Contract.*

(Decided February 13th, 1902.)

1. *Bill of exceptions, not signed in time; review.*—Where a bill of exceptions was signed after the time allowed by the order of court, and the time was not extended by further order of court or by agreement of counsel, it will not be considered on appeal.

2. *Verdict; amount of; damages for breach of contract.*—In an action for breach of contract of lease, where the evidence of plaintiff showed that the rental value of the property leased exceeded the contract price in the sum of five or six hundred dollars for the year covered by the lease, and there was some evidence that the rental value was more soon after the lease was entered into than when it was executed, but there was no evidence that such rental value was in excess of the contract price. *Held*: That a verdict for $100 in favor of the plaintiff would not be disturbed by the court as the jury had a right to scale the estimate, in view of all the evidence in the case.

3. *Lease; execution of, when proven.*—Where the evidence showed that a lease was signed in duplicate, witnessed, left with one of the lessors to attach and cancel revenue stamps, which was done, and that then both copies were sent to the lessee that he should keep one and again cancel the stamps and return the other to the lessors, *Held*: That there was a delivery upon either hand, though the duplicate intended to be returned to the lessor was not in fact returned, and that the execution of the lease was sufficiently proven.

4. *Same; execution of written contract; attaching of schedule.*—It is not essential to the execution of a lease that a schedule of property, which property was referred to and identified in the lease itself, was by the terms of the lease to be attached to that paper for fuller description, and was not so attached.

APPEAL from Pike Circuit Court.
Tried before Hon. JOHN F. HUBBARD.

[Lawrence v. Bell, *et al.*; Bell *et al.* v. Lawrence, Cross Appeal.]

Action by D. N. Lawrence against Joseph Bell and Mrs. L. W. Bell for damages for breach of a contract, by which Bell and wife leased to Lawrence a certain hotel in the town of Troy, for the term of one year be ginning January 1st, 1900, with the privilege of three, at an agreed rental of $40 per month in advance. This lease was made in November, 1899. In December, 1899, Bell and wife leased the same property to one Gantt for $400 per year in advance, and when Lawrence came to take charge he found Gantt in possession.

The plaintiff testified that the rental value of the property for 1900 was worth $500 or $600 more on January 1st, 1900, than when the lease was entered into. Other witnesses testified that its rental value was more on January 1st, 1900, than in the preceding November, but none of them testified that it was worth more than the contract price ($40 per month). There was a verdict for plaintiff for $100. Defendant's motion for a new trial was overruled. Both parties appeal.

TERRY RICHARDSON and C. E. HARMON, for appellant Lawrence.

FOSTER, SAMFORD & CARROLL, and D. A. BAKER, for Appellees Bell.—(1.) There was no evidence justifying a verdict for $100. (2.) The lease was not shown to have been executed.—*Harrison v. Palmer*, 76 Ala. 159.

McCLELLAN, C. J.—This case was tried in the circuit court of Pike county on February 16, 1900, and the judgment was then rendered. That term of the court could not have extended beyond February 24. So that counting either from the date of the judgment or the end of the term, the sixty days allowed in the judgment entry for the signing of the bill of exceptions did not extend up to May 4th, 1900, when plaintiff's bill of exceptions was signed, and it does not appear that further time was given by an order of the court or by agreement of parties, nor is it affirmed in any way in the bill of exceptions that it is signed within any time allowed by order or agreement. On this state of the record we cannot look to the bill of exceptions pur-

porting to have been taken by the plaintiff below; and as there are no assignments of error addressed to rulings which appear by the record proper of the trial court, but only those directed against rulings appearing by the supposed bill of exceptions, the judgment of the circuit court on the appeal of plaintiff below must be affirmed.

On the appeal of defendants below but two assignments of error are insisted upon in argument. One of these is based upon the overruling of a motion for a new trial. It is insisted here that this motion should have been granted because there was no evidence that the plaintiff had been damaged in the amount of the verdict, one hundred dollars. There was evidence going to show that plaintiff was damaged in the sum of five or six hundred dollars. That was the sworn estimate of the plaintiff of the value of the lease in excess of the agreed rental. The jury had the right in view of all the evidence in the case to scale this estimate, and we cannot say that the court was plainly wrong in refusing to disturb their conclusion.—*Tennessee & Coosa R. R. Co. v. Danforth et al.,* 112 Ala. 80, 93-4.

There is no merit in the other position of these appellants, that the lease was not executed. It was signed by all the parties in duplicate, witnessed, left with one of the lessors to attach and cancel revenue stamps, which he did, then both copies were sent to the lessee that he should keep one, and again cancel the stamps and return the other to the lessors. There was delivery upon either hand though the duplicate intended to be sent back to the lessors was not in fact returned. Nor was it essential to the execution of the contract that a schedule of furniture, which furniture was referred to and identified in the lease itself, was by the terms of the lease to be attached to that paper for fuller description and was not so attached.

On the appeal of Bell and his wife also the judgment is

Affirmed.